UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE E.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br><br> Defendant. | Case No.: 24-CV-1182-GPC-MMP <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 2]** |

On July 9, 2024, Kristine E. ("Plaintiff") filed a Social Security appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act.  ECF No. 1 ¶ 3.  Plaintiff also filed the instant Motion for Leave to Proceed In Forma Pauperis ("IFP").  ECF No. 2.

All parties instituting any civil action, suit, or proceeding in a United States District Court, except an application for writ of habeas corpus, must pay a $405 filing

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

fee.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life."  *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-CV-00040-JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).  However, a party need not be "absolutely destitute" to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  Plaintiff must submit an affidavit demonstrating an inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).  Civil Local Rule 3.2(d) permits the Court, in its discretion, to "impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay."

Plaintiff's affidavit indicates that her and her husband's income, based on her husband's disability payments following his injury, is $365 less than their monthly expenses.  ECF No. 2 at 1-2, 4-5.  Plaintiff and her husband collectively have less than $500 in cash.  ECF No. 2 at 2.  Plaintiff and her husband do not appear to be spending frivolously.  *See id.* at 3-4.  Their only assets are two cars, which are valued at $6,200 and $16,000, though they are not paid off.  *Id.* at 3.  Nonetheless, their household income is more than double the federal poverty line.  *See id.* at 3-4; *Poverty Guidelines*, OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

     The Court finds that Plaintiff is able to pay a portion of the filing fee without impairing her ability to afford the necessities of life.  However, the full $405 filing fee would represent a significant portion of the household's monthly expenses such that Plaintiff might not be able to afford the necessities of life if any unexpected bills were to arise.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life") (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *Camran v. San Diego Youth Servs.*, No. 23-CV-491-GPC-WVG, 2023 WL 3324706, at *1-2 (S.D. Cal. May 8, 2023) (same). The Court determines that a filing fee of $250 is appropriate and commensurate with Plaintiff's ability to pay.

     Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Proceed In Forma Pauperis.  ECF No. 2.  The Court ORDERS Plaintiff to pay a partial filing fee of $250 within 30 days of this Order if she intends to proceed in this matter.

**IT IS SO ORDERED.**

Dated:  September 9, 2024

Hon. Gonzalo P. Curiel
United States District Judge