UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KRISTINE EPENESA
Plaintiff,
v.
MARTIN O'MALLEY,
Defendant.

Case No.: 24-CV-1182-GPC-MMP

**ORDER GRANTING PLAINTIFF'S JOINT MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 25]**

Before the Court is Plaintiff's Joint Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 25. Plaintiff's counsel seeks approval of a gross fee of $35,729.75, representing twenty-five percent of Plaintiff's past-due Disability Insurance Benefits, with a net payment of $26,966.45 after offsetting the previously awarded Equal Access to Justice Act ("EAJA") fees. *Id.* at 2.[1] Defendant neither supports nor opposes the motion. *Id.* at 1. The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court GRANTS the motion.

---

[1] Page numbers are based on the CM/ECF pagination.

## BACKGROUND

On July 9, 2024, Plaintiff commenced this action seeking judicial review of the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. ECF No. 1 at 2. On September 23, 2024, the Commissioner filed the Administrative Record. ECF No. 10. Pursuant to the Court's Scheduling Order, Plaintiff filed an Opening Brief on December 23, 2024. ECF Nos. 11, 13. Before Defendant filed a responsive brief, the parties jointly moved to remand the action pursuant to the fourth sentence of 42 U.S.C. § 405(g). ECF Nos. 15, 17. On February 26, 2025, the Court granted the Joint Motion, remanded the case for further administrative proceedings, and entered judgment in Plaintiff's favor. ECF Nos. 18, 19.

On May 27, 2025, Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 20. On June 2, 2025, the Court granted the motion and awarded Plaintiff $8,600 in attorney's fees.[2] ECF No. 21 at 1.

On remand, the Social Security Administration issued a fully favorable decision and awarded Plaintiff $142,919.00 in past-due Disability Insurance Benefits, withholding twenty-five percent of those benefits for the potential payment of attorney's fees. ECF No. 25-3 at 3. On July 20, 2026, Plaintiff filed the instant Joint Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 25. Plaintiff seeks approval of a gross attorney's

---

[2] The Court notes that Plaintiff's EAJA motion requested an award of $8,600, ECF No. 20 at 1, and the Court awarded that amount. ECF No. 21 at 1. Plaintiff requested $8,600 despite relying on the same itemized record of attorney and paralegal time attached to this motion, which reflects a fees total of $8,763.20 in fees. ECF No 20-1; ECF No. 25-1.

The instant motion calculates the requested net § 406(b) award by offsetting $8,763.30 in previously awarded EAJA fees. ECF No. 25 at 2. The motion does not explain the discrepancy. The Court will calculate the fee award using the sums identified in this motion.

fee of $35,729.75, with a net payment of $26,966.45 after offsetting the previously awarded EAJA fees. *Id*. at 2.[3]

## LEGAL STANDARD

When a court renders judgment in favor of a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). These fees are paid from the claimant's award of past-due benefits. *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Section 406(b) does not displace lawful contingent-fee agreements. *Id*. at 808-09. Rather, a court determining a reasonable fee must respect "the primacy of lawful attorney-client fee agreements," "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. In making that determination, the court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5)

---

[3] Rather than awarding the full § 406(b) fee and requiring counsel to refund the previously awarded EAJA fees to Plaintiff, the Court offsets the EAJA award against the § 406(b) award. As the Ninth Circuit explained, "[t]he district court is well positioned to implement § 406(b)'s requirements. Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Barry H. v. Kijakazi*, No. 19-cv-2556-AGS, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting *Avina v. Saul*, No. 18-cv-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The court may also consider "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." *Bartle v. Kijakazi*, No. 20-cv-1431-CAB-MSB, 2023 WL 5811845, at *1-2 (S.D. Cal., Sept. 7, 2023) (citing *Crawford*, 586 F.3d at 1151-52). Additionally, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Finally, any fee awarded under § 406(b) must be offset by any attorney's fee previously awarded under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

**DISCUSSION**

The Court first looks to the contingency-fee agreement. *Crawford*, 586 F.3d at 1148. Plaintiff and counsel entered into a Retainer Agreement ("Agreement") providing that counsel would receive twenty-five percent of any past-due benefits awarded following the federal court proceedings. ECF No. 25-2 at 2. Following remand, the Social Security Administration awarded Plaintiff $142,919.00 in past-due Disability Insurance Benefits and withheld twenty-five percent of those benefits for the potential payment of attorney's fees. ECF No. 25-3 at 3. Counsel now seeks a gross fee of $35,729.75, representing twenty-five percent of Plaintiff's past-due benefits. ECF No. 25 at 2. Counsel further represents that he expended 34.4 attorney hours litigating this action, resulting in an effective hourly rate of approximately $1,038.66. *Id.* at 6; ECF No. 25-1 at 2. Counsel argues that the requested fee is reasonable in light of the favorable result obtained, the contingent nature

of the representation, and the risk assumed in undertaking the representation. ECF No. 25 at 4-5. The Court considers that effective rate, together with the contingency-fee agreement and the quality of the representation, in assessing whether the requested fee is reasonable under § 406(b).

The Court finds that the contingency-fee agreement is reasonable. The fee it provides falls within the statutory ceiling established by 42 U.S.C. § 406(b)(1)(A), and nothing in the record suggests "fraud or overreaching" in the negotiation of the Agreement. *See Crawford*, 586 F.3d at 1145-46, 1151. The Agreement provides that, if the federal court appeal "results in an award of disability benefits," counsel's fee "will be the greater of . . . [t]wenty-five percent (25%) of my 'past-due benefits' . . . or such amount as DeWaun Lockhart may be able to obtain under the Equal Access to Justice Act ('EAJA')." ECF No. 25-2 at 2. It further provides that Plaintiff "will not owe DeWaun Lockhart an attorney fee for his work on [the] federal court appeal" if the appeal does not result in an award of benefits or a remand that ultimately produces an award of benefits. *Id*.

The Court likewise finds no basis to reduce the requested fee. Neither "the character of the representation [nor] the results . . . achieved" warrant a reduction. *Gisbrecht*, 535 U.S. at 808. Counsel successfully litigated Plaintiff's claim in this Court, obtaining a sentence-four remand before Defendant filed a responsive merits brief. ECF Nos. 13, 17, 18. On remand, the Social Security Administration issued a fully favorable decision awarding Plaintiff $142,919.00 in past-due Disability Insurance Benefits. ECF No. 25-3 at 3. Nothing in the record suggests that counsel rendered substandard representation. Rather, counsel efficiently obtained an excellent result for Plaintiff.

Nor is there any indication that counsel engaged in dilatory conduct. The record reflects that counsel timely prosecuted the action, secured a stipulated remand less than eight months after filing the complaint, and ultimately obtained a fully favorable administrative decision. ECF Nos. 1, 17, 18; ECF No. 25-3 at 3.

Finally, the requested fee is not disproportionate to the time counsel expended on the case. *See Crawford*, 586 F.3d at 1151. Counsel's billing records reflect 34.4 attorney hours devoted to this matter. ECF No. 25-1 at 2. The requested fee results in an effective hourly rate of approximately $1,038.66. ECF No. 25 at 6. Although that rate exceeds counsel's non-contingent hourly rate, it falls within the range approved in Social Security cases in this Circuit and appropriately reflects the contingent nature of the representation and the risk that counsel would recover no fee if the litigation proved unsuccessful. *See Crawford*, 586 F.3d at 1153 (approving de facto hourly rates of $519, $875, and $902); *Reddick v. Berryhill*, No. 16-cv-29, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving an effective hourly rate of $1,990.74); *Satariano v. Saul*, No. 21-cv-548, 2023 WL 7390841, at *2-3 (S.D. Cal. Nov. 7, 2023) (approving an effective hourly rate of $1,401.87). It is justifiable that de facto hourly rates in contingency fee cases exceed those in non-contingency fee cases, because by taking a case on contingency, counsel "assum[es] the risk of receiving nothing for his time and effort[.]" *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

Thus, none of the factors outlined in *Gisbrecht* support reducing the fee award, and the Court concludes that Counsel's request does not constitute an unfair "windfall." *See Gisbrecht*, 535 U.S. at 808. Accordingly, considering the quality of Counsel's representation, the results achieved, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the fees requested pursuant to section 406(b) are reasonable.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Joint Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's counsel is awarded attorney's fees under 42 U.S.C. § 406(b) in the gross

amount of $35,729.75, payable from Plaintiff's past-due Disability Insurance Benefits withheld by the Social Security Administration;

2. Upon issuing the § 406(b) payment, the Commissioner shall issue payment to Plaintiff's counsel, DeWaun Lockhart, in the net amount of $26,966.45, less any applicable processing fee prescribed by law.

**IT IS SO ORDERED.**

Dated: August 21, 2026

Hon. Gonzalo P. Curiel
United States District Judge